Frank J. Kronenberg, J.
Defendant was convicted on October 10,1956, in the Niagara Falls Police Court of speeding in violation of a city ordinance. Trial was before A. Bussell Leone, acting Police Court Justice.
The alleged speeding was detected by a radar-equipped police car. At the trial, the first witness for the People was an expert who was called to testify as to the nature, function and scientific principles underlying the radar instrument. He testified at length on direct examination but unfortunately the court stenographer’s stenograph machine failed to record his testimony because of faulty ink. Consequently, the return on this appeal is, to that extent, incomplete.
Ordinarily, such a happening would be a matter of grave concern to an appellate court, but in the instant case the court feels that the defendant was in no way prejudiced by the mishap. The Court of Appeals held on January 16, 1958, in People v. *311 Magri (3 N Y 2d 562) that the court would recognize the general reliability of radar as a device for measuring the speed of a moving vehicle and that expert testimony as to the basic nature of the device is unnecessary. The offense in the Magri case took place on August 1, 1956, and, of course, the ruling of the Court of Appeals relates back to that date. The offense in the instant case was alleged to have occurred on September 26,1956.
It follows that the testimony of the expert was superfluous and not at all necessary to the People’s case. No harm would have been done to the defendant had the entire testimony of the expert been deleted from the return.
The well-presented and prepared case for the People showed convincingly that the device was properly tested and operated.
The judgment of conviction is affirmed.